IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELLX, LLC, DAVID M. PRUSHNOK, G. DANIEL PRUSHNOK, and JOHN P. PRUSHNOK, | ) ) ) ) | Civil Action No. 16-1319 Chief Magistrate Judge Maureen P. Kelly |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DONALD D. SBARRA, | ) ) | Re: ECF No. 24 |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is a Motion to Consolidate filed by Plaintiffs in which they ask the Court to consolidate this case with Civil Action No. 2:14-cv-866. ECF No. 24.

Plaintiffs MarcellX LLC ("MarcellX"), and its principal owners, David M. Prushnok, G. Daniel Prushnok and John P. Prushnok ("the Prushnoks") (collectively, "Plaintiffs"), have brought this action against Defendant Donald D. Sbarra ("Defendant") bringing claims for slander per se, injurious falsehood, slander, commercial disparagement, and tortious interference with prospective business relations based on Defendant's alleged statement that Plaintiffs had sold "stolen property."

According to the instant Complaint, the deep and shallow mineral rights on real property located in McKean County, Pennsylvania, known as the Swamp Angel property ("the Property"), were owned by Swamp Angel Energy, LLC ("SAE"), of which Defendant Sbarra was "the managing member" and an interest holder. ECF No. 1 ¶¶ 7, 8. SAE apparently entered into a Purchase and Sale Agreement ("PSA") with Horizontal Exploration, LLC ("Horizontal"), on March 9, 2012, whereby SAE conveyed the shallow mineral rights on the Property to Horizontal

for 2.1 million dollars.  Id. ¶ 10.

Horizontal, through its President, Mark A. Thompson, subsequently approached the Prushnoks about acquiring the shallow mineral rights and participating in the development of the Property.  Id. ¶¶ 11-13.  Thereafter, on either June 11, 2012, or July 11, 2012, see id. ¶¶ 14, 16, Horizontal and MarcellX executed an Assignment of Interest in Purchase and Sale Agreement whereby Horizontal's PSA was assigned to MarcellX.  Id. ¶ 14.  The assignment, which had been authorized by SAE, resulted in MarcellX paying SAE 2.1 million dollars which MarcellX financed through a loan it obtained from CNB Bank.  Id. ¶¶ 15-16, 24.

Plaintiffs allege that the development venture eventually failed compelling MarcellX to sell its interest in the property in order to satisfy the outstanding debt to CNB Bank.  Id. ¶¶ 19-20, 24-25.  Accordingly, MarcellX entered into a Purchase and Sale Agreement with Prime Energy & Chemical, LLC ("Prime") on July 21, 2016.  Id. ¶ 26.  Five days later, on July 26, 2016, Defendant Sbarra initiated a telephone call to Prime in an effort to ascertain who had invested in the property.  Id. ¶¶ 27-28, 31-33.  After Russell Parker, a principal of Prime, informed Defendant that Parker and a friend had bought the property, Defendant allegedly stated that the Prushnoks had sold, and Parker and his friend had purchased, "stolen property."  Id. ¶¶ 33-35.

In Civil Action No. 2:14-cv-866 (the "Fund I Action"), the case with which Plaintiff seeks to consolidate the instant case, a group of 22 individuals, family trusts, and businesses, including Donald D. Sbarra Revocable Trust UAD 11/23/1998 and Donald D. Sbarra TTE, allege that MarcellX and the Prushnoks made misrepresentation and took actions to defraud the plaintiffs into investing in the development venture on the Property.  C.A. No. 2:14-cv-866: ECF No. 1.  When the development venture failed, the investors filed suit on July 2, 2014, bringing

claims against MarcellX and the Prushnoks for civil conspiracy and aiding and abetting violations under Section 10(b) and Rule 10b-5 of the Securities Exchange Act.  Id.  Also named as defendants in that suit are Horizontal Explorations, LLC, and its President, Mark A. Thompson, against which the plaintiffs have brought claims for fraudulent misrepresentation, civil conspiracy, violations of Section 10(b) and Rule 10b-5, violations of the Pennsylvania Securities Act, and a state law claim arising under Pennsylvania's Unfair Trade Practice and Consumer Protection Law.  Id.

Courts are authorized to consolidated actions "[w]hen actions involving common questions of law or fact are pending before the court." Fed. R. Civ. P. 42(a) (2016). "The threshold requirement for determining whether consolidation is permissible is whether there exists a common question of law or fact.  Consolidation must be denied if there is no common issue tying the cases together." McClenaghan v. Turi, Nos. 09–5497 and 11–3761, 2011 WL 4346339, at *1 (E.D. Pa. Sept. 16, 2011).  Moreover, the common question of law or fact must be a principle one. Farahmand v. Rumsfield, No. 02–1236, 2002 WL 31630709, at *2 (E.D. Pa. Nov. 20, 2002).  "Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues." Id. (internal quotation omitted).

Here, although these two cases are "related" in the broadest sense of the word, there are no principle questions of law or fact in common.  Indeed, the cases are based on entirely different occurrences, factual allegations and legal theories.  The Fund I Action involves alleged misrepresentations made in 2012 to induce investors to participate in a development venture and subsequent actions whereby their money was misappropriated in a Ponzi-like scheme, and

3

involves claims of fraudulent misrepresentation, civil conspiracy, and violations of federal and state securities laws. The instant case, however, revolves around an allegedly defamatory statement made to an individual, who is not a party to either action, almost four years later and raises slander and tortious interference claims. The lack of any principle overlap between the two suits appears obvious.

      Moreover, the parties to the two suits are largely different. As pointed out by Defendants in this matter, there are 31 separate parties to the Fund I Action: the 22 investors, seven defendants, and two third–party defendants. Only five of those parties -- Sbarra, a third–party defendant, and four of the defendants -- are involved in this lawsuit. More importantly, none of the 22 investors that initiated the Fund I Action, nor the other three defendants in that suit, have any involvement in this lawsuit. These parties should not be required to participate in a consolidated lawsuit involving claims and issues that have no relevance to them. In short, the mere fact that the Fund I Action revolves around investments fraudulently induced to develop the Property and the Property is the subject of the allegedly defamatory statement at issue in the instant case, does not provide the basis for finding that common issues of law or fact exist between the two cases and Plaintiff's Motion to Consolidate is properly denied.

Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 13th day of March, 2017, upon consideration of Plaintiffs' Motion to Consolidate and Defendant's Memorandum of Law in Opposition thereto, IT IS HEREBY ORDERED that the Motion to Consolidate, ECF No. 24, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing